IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00071-REB-KLM

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Plaintiff(s),

v.

PAUL G. WOLF,

    Defendant(s).
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's Amended Motion for Judgment on the Pleadings [Docket No. 19; Filed June 7, 2007] ("Motion for Judgment on the Pleadings"). Defendant, *pro se*, did not respond to the Motion for Judgment on the Pleadings, rather, he filed a Motion to Dismiss [Docket No. 22; Filed June 26, 2007] ("Motion to Dismiss"). Plaintiff responded to the Motion to Dismiss on July 11, 2007 [Docket No. 25], and Defendant replied on July 27, 2007 [Docket No. 27]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the motions have been referred to this Court for recommendation. The Court has reviewed and considered the pleadings, and the motions are now ripe for determination. For the reasons set forth below, the Court recommends that the Motion for Judgment on the Pleadings be **granted** and the Motion to Dismiss be **denied**.

I. Factual and Procedural Background

In 1999, Defendant Paul G. Wolf began receiving long-term disability benefits

through his employer's insurer, Unum Life Insurance Company of America ("UNUM"). UNUM is the Plaintiff in the above-captioned action. At an unspecified time, UNUM advised Wolf that as a condition to receiving these benefits, he was required to apply for Social Security Disability ("SSD") benefits. UNUM also informed Wolf that should such secondary benefits be awarded, UNUM was entitled to reduce the long-term disability benefits it paid to Wolf. Wolf was given the choice either to have his monthly benefits reduced by an estimated amount each month to account for the future SSD benefit, or to have his monthly benefits remain the same and to reimburse UNUM for its overpayment within thirty (30) days of his SSD benefit payout. Wolf selected the second option and signed the form requiring him to reimburse the overpayment to UNUM upon his receipt of SSD benefits. Complaint Exhibit A [Docket 1-2].

For reasons unrelated to the issue herein, UNUM determined Wolf was no longer eligible for long-term disability and terminated his benefits in December 2002. Wolf appealed, and UNUM reinstated his long-term disability benefits in July 2003, and reimbursed him for the benefits he was denied after December 2002. Complaint at 2, ¶ 10; Answer at 4, ¶ 14.

A year after reinstatement, UNUM requested Wolf's SSD benefit status. *Id.* at 2. ¶ 11. At that time, Wolf informed UNUM he had applied for SSD benefits and was awaiting a decision. *Id.* Thereafter, UNUM made additional requests regarding Wolf's SSD status, but Wolf did not respond. *Id.* at 3, ¶ 11. In November 2005, through independent means, UNUM discovered that Wolf received his SSD benefits in December 2004, which were retroactive to June 2002, in the amount of $56, 511.06. *Id.* at 3, ¶ 12. UNUM wrote Wolf

three letters reminding him of his contractual obligation to reimburse UNUM for the overpayment of his long-term disability benefits given the SSD benefits he was awarded. *Id.* at 3, ¶ 13. Wolf did not respond. *Id.* at 3, ¶ 14. As such, UNUM began to deduct the SSD overpayment each month from Wolf's long-term disability payments. *Id.*

II. The Complaint and Motions

UNUM filed suit against Wolf on January 1, 2007, alleging that he had been overpaid $56,511.06 in long-term disability benefits by UNUM given his receipt of SSD benefits. UNUM sought relief under the Employee Retirement Income Security Program ("ERISA"), 29 U.S.C. § 1132(a)(3), noting that "[u]nder the terms of the Plan and the reimbursement agreement executed by Wolf, Wolf was obligated to reimburse UNUM for any overpayment in [long-term disability] resulting from an award of SSD." Complaint at 3, ¶ 18 [Docket No. 1]. UNUM also sought relief against Wolf under the doctrine of unjust enrichment. It claimed it paid Wolf his "full monthly payment amount with the expectation that it would be reimbursed for any overpayment attributed to SSD" and Wolf "has been unjustly enriched for his continued retention of UNUM's overpayment." *Id.* at 5, ¶ ¶ 26 & 27. UNUM seeks the imposition of a constructive trust, an award of the full amount it is due, and an award of interest, costs, and attorney fees.[1]

Wolf filed his Answer to UNUM's Complaint on February 16, 2007 [Docket No. 4].[2]

---

[1] At the time the Complaint was filed, UNUM claimed to be owed $53,143.41 of the $56,511.06. Complaint at 5, ¶ 27 [Docket No. 1]. By the time UNUM filed its Motion for Judgment on the Pleadings, it claimed to be owed $52,102.00. Motion for Judgment on the Pleadings at 1 [Docket No. 19].

[2] The Court notes that Wolf's Answer, while signed by him, was prepared and submitted by his wife, Ruth Ann Wolf. The same is true for every pleading filed by

3

Wolf admits he signed the SSD election, but claims he did not intentionally agree to reimburse UNUM following his SSD payment. Answer at 2-3, ¶ 9 [Docket No. 4]. Wolf admits that he was approved to receive SSD benefits on November 23, 2003 and received a disability payment backdated to June 2002, but claims that "he did not realize at that time he was supposed to submit the money from Social Security to UNUM." *Id.* at 5, ¶ 15. He does not refute the amount of SSD payments UNUM attributed to him in its Complaint.

Wolf also admits that he received "many letters" from UNUM regarding his SSD benefits. *Id.* at 5, ¶ 16. He attributes his failure to respond to the fact that UNUM had abruptly terminated his benefits in December 2002, he hired a lawyer to challenge that termination, filed for bankruptcy in 2003 due to that termination, and accrued "a mountain of costs." *Id.* Given that history, Wolf "did not feel that UNUM was entitled to repayment" following his receipt of SSD benefits.[3] *Id.* Wolf also "contends that the money that UNUM is asking for in repayment from Social Security benefits is unreasonable, considering the

---

Defendant in this action. Ms. Wolf is not a party, nor does she appear to be an attorney licensed to practice law in our Court. Pursuant to 28 U.S.C. § 1654, the only nonlicensed person entitled to appear, either through pleadings or hearings, is the *pro se* party. Individuals who are neither parties nor attorneys "may not file pleadings or other matters with the Court on behalf of [themselves] or others." *Vibe Techs., LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2006 WL 3404811, at *5 (D. Colo. Nov. 22, 2006) (unpublished opinion) (citing 28 U.S.C. § 1654). In the interest of justice, the Court elects to consider Wolf's pleadings to the extent they pertain to the claims and parties at issue.

[3] The Court notes that the 2002 termination of benefits is unrelated to the issue here, and it appears that Wolf takes the position that because the termination was ultimately found to be improper, UNUM does not deserve reimbursement, despite their agreement regarding his SSD benefits. In essence, Wolf contends that he was unilaterally entitled to withhold repayment as payback for UNUM's earlier improper termination. *See* Answer at 5, ¶ 16; *id.* at 7, ¶ 17 [Docket No. 4].

4

costs that resulted from being abruptly cut off of benefits in 2002." *Id.* at 7, ¶17. As such, Wolf "feels that UNUM should not receive any financial reimbursement by him." *Id.*

UNUM filed a Motion for Judgment on the Pleadings on June 7, 2007 [Docket No. 19], wherein it alleges that Wolf either admitted or failed to deny the key elements of its case such that it is entitled to judgment as a matter of law. Wolf did not respond to this motion. However, Wolf did file a Motion to Dismiss on June 26, 2007. It contains many of the same assertions as those in his Answer, but does not purport to be a response to UNUM's Motion for Judgment on the Pleadings. Rather, Wolf moves for dismissal of UNUM's Complaint on the basis of its alleged misconduct involving the settlement conference conducted in this case, including UNUM's alleged "blatant disregard" for an order of the Court. Motion to Dismiss at 4 [Docket No. 19]. UNUM responded to the Motion to Dismiss and noted that Wolf provides no legal authority in support of his request for dismissal. Response at 2-3 [Docket No. 25]. In addition, UNUM denies it violated any Court Order. *Id.* at 3-4.

### III. Analysis

#### A. Standards of Review

At issue here are UNUM's Motion for Judgment on the Pleadings and Wolf's Motion to Dismiss. UNUM's Motion for Judgment on the Pleadings is brought pursuant to Fed. R. Civ. P. 12(c), which is reviewed under similar standards as motions brought pursuant to Rule 12(b)(6). The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in its favor. *Qwest Comm'ns. Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002); *cf. Shaw v. Valdez*, 819 F.2d 965, 968

5

(10th Cir. 1987). "Uncontested allegations to which the other party had an opportunity to respond are taken as true." *Qwest*, 208 F.R.D. at 291.

"Judgment on the pleadings should not be granted 'unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted); *Qwest*, 208 F.R.D. at 291 (holding that judgment on the pleadings is appropriate where the Answer fails to raise issues of fact or affirmative defenses "which, if proved, would defeat plaintiff's recovery") . The Court may consider the Complaint, any material that is attached to the Complaint, and the Answer in its review of the motion. *Park Univ.*, 442 F.3d at 1244; *Qwest*, 208 F.R.D. at 291.

As to Wolf's Motion to Dismiss, the Court notes that Wolf is proceeding *pro se*. As such, the Court should construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, although not specifically stated, it appears that Wolf seeks to have the Court dismiss UNUM's case pursuant to Fed. R. Civ. P. 41(b) as a sanction for its alleged misconduct.

The Court "is vested with wide discretion in determining when dismissal is appropriate as a failure to comply with court orders." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 591 (3d ed. 2008). In reviewing a request for involuntary dismissal pursuant to Rule 41(b), the Court considers (1) the prejudice to the nonmoving party; (2) the interference with the judicial process; (3) the culpability of the nonmoving party; (4) whether the nonmoving party was warned in advance; and (5) the efficacy of a lesser sanction. *Ehrenhaus v. Reynolds*, 965 F.2d 916,

921 (10th Cir. 1992) ("*Ehrenhaus* factors"). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

B. Recommendation

1. Motion for Judgment on the Pleadings

Pursuant to ERISA and the doctrine of unjust enrichment,[4] UNUM seeks to be reimbursed for amounts it claims Wolf was contractually required to repay following his receipt of SSD benefits. In his Answer, Wolf does not dispute that he signed the election form which required him to repay UNUM.[5] Answer at 2-3, ¶ 9 [Docket No. 4]. Also in his

---

[4] 29 U.S.C. § 1132(a)(3) provides that a civil action may be brought by a fiduciary to obtain appropriate equitable relief to enforce the terms of a plan. When "interpreting the terms of an ERISA plan [the Court] examine[s] the plan documents as a whole and, if unambiguous . . . construes them as a matter of law." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1233 (10th Cir. 2002) (citation omitted). UNUM asserts that it is a plan fiduciary pursuant to ERISA, and that it is entitled to seek redress for Wolf's violation of the unambiguous terms of his plan. Unjust enrichment can be shown by proving three elements: "(1) at plaintiff's expense; (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *DCB Constr. Co. v. Cent. City Dev. Co.*, 965 P.2d 115, 119-20 (Colo. 1998). UNUM claims that it did not reduce Wolf's monthly long-term disability benefits based on his promise to reimburse UNUM when Wolf received his SSD benefits. It notes that given the parties' agreement, that Wolf was not entitled to both full long-term disability benefits from UNUM and SSD benefits, and the facts of UNUM's overpayment and Wolf's windfall, it would be unjust to allow Wolf to keep his SSD benefits (or require Plaintiff to recoup those benefits over a period of many years). Complaint at 2 ¶ 9; *id.* at 5, ¶¶ 24-27.

[5] Specifically, the form executed by Wolf at UNUM's request informed him that the "policy under which [he was] covered provides that Long Term Disability benefits will be reduced by the amount of Social Security benefits [he was] eligible to receive." Complaint Exhibit A [Docket 1-2]. It also informed Wolf that even if he did not pursue SSD benefits, UNUM had the right to reduce his monthly payments by the amount for

7

Answer, while Wolf at one point alleges that he did not understand his obligation to repay UNUM pursuant to that agreement, he later infers he understood his obligation, but unilaterally decided not to repay UNUM because of its unrelated termination of his benefits in 2002. *Compare* Answer at 2, ¶ 9, *and id.* at 5, ¶ 15, *with id.* at 5, ¶ ¶ 16 & 17. In the latter regard, he requests that his failure to repay UNUM be forgiven due to this unrelated termination. *Id.* at 7, ¶ 17.

Both parties agree that in December 2002, Unum terminated Wolf's benefits. Both parties also agree that Wolf ultimately won reversal of UNUM's decision and was reimbursed for the months he went without disability payments. The only "dispute" suggested by Wolf's Answer is whether UNUM's 2002 termination, which Wolf contends caused him to accrue debt over and above the amount reimbursed, justifies his refusal to repay UNUM for the SSD benefits. The Court is persuaded that it does not.

Although Wolf is dissatisfied with UNUM's treatment of him in 2002, neither that treatment nor Wolf's dissatisfaction are legally-recognized defenses to Wolf's failure to reimburse UNUM for the SSD benefits he was contractually obligated to pay. Moreover, Wolf's failure to respond to the Motion for Judgment on the Pleadings and to contest UNUM's factual assertions further justifies the Court's recommendation. While Wolf filed a Motion to Dismiss, the factual assertions therein do not differ substantially from those

---

which he could have qualified. The form gave Wolf a choice as to how his potential SSD benefits should be considered. Wolf signed the form on April 26, 2001, and selected the option of having UNUM pay his disability in full with no reduction for his potential SSD benefits. The form clearly states: "This [choice] will result in an overpayment by Unum. I will supply Unum with a copy of the Social Security decision and **repay any overpayment in full within 30 days from receipt of the Social Security award check**." *Id.* (emphasis is original).

contained in his Answer, nor does Wolf purport to use his Motion to Dismiss as an opportunity to dispute the relief requested by UNUM in its Motion.

Although Wolf's primary "defense" was UNUM's 2002 termination, the Court will consider whether other assertions in Wolf's Answer create a material dispute. Wolf also asks the Court to consider his health and financial misfortunes as justification for his failure to repay UNUM and "to sympathize with all of the bad luck and bad misfortune and bad corporate rules that [Wolf is] faced with." Answer at 6, ¶ 17 [Docket No. 4]. While the Court is sympathetic to Wolf's plight, his misfortunes are not legally-recognized defenses given the facts present here.[6] There is no evidence that UNUM tricked Wolf or misled him when he entered into the agreement to repay UNUM for any SSD benefits he received. Moreover, Wolf does not argue that he lacked the mental capacity to enter into the agreement in 2001. All discussion of Wolf's mental capacity in his Answer pertains to medical setbacks he had after the time he signed the SSD election form. *See* Answer at 5-6, ¶ 17. Wolf appeared to make a conscious decision by selecting one of the two choices for UNUM's treatment of his potential SSD benefits.

The only response in Wolf's Answer that could be considered a defense to his

---

[6] As to his financial misfortunes, although Wolf asserts that he filed for bankruptcy in 2003, he does not inform the Court of whether his pre-filing agreement with UNUM was addressed in his bankruptcy filing, or whether such filing had any impact on the validity of UNUM's claim in this action. The Court reviewed Wolf's bankruptcy schedules and takes judicial notice thereof, pursuant to Fed. R. Evid. 201. *See Vibe Techs.*, 2006 WL 3404811, at *5, n.2 ("This Court may take judicial notice of court documents and matters of public record."). Wolf's bankruptcy schedules do not list any claim held by UNUM, and there is no record of any notice to UNUM of the filing of Wolf's bankruptcy. Accordingly, pursuant to 11 U.S.C.§ 523(a)(3), UNUM's claim survived Wolf's bankruptcy proceedings. In other words, Wolf's discharge in bankruptcy is not a valid defense to UNUM's claim in this action.

9

failure to repay UNUM is that he did not understand his obligations at the time when he signed the agreement. However, the alleged lack of understanding of the terms of a contract is not a defense that Wolf could use to ultimately defeat UNUM's recovery. *See Shoels v. Klebold*, 375 F.3d 1054, 1060 & 1066 (10th Cir. 2004) (noting also that issues involving the formation of an agreement are resolved pursuant to state contract law); *see also Bekos v. Providence Health Plan*, 334 F. Supp. 2d 1248, 1251 (D. Or. 2004) (holding that "ERISA does not contain a body of contract law to govern [interpretation and that] Congress intended that courts apply contract principles derived from state law" (citation omitted)). "A unilateral mistake or mistake of law, if any, is not a ground for setting aside an agreement." *See Royal v. Colo. State Personnel Bd.*, 690 P.2d 253, 255 (Colo. Ct. App. 1984) (finding that one party's mistaken understanding of the effect of the contract when he entered into it was irrelevant). Moreover, Wolf's alleged lack of understanding is belied by his later acknowledgment that he understood his obligation, but did not think it was fair.

Regarding UNUM's first claim for relief pursuant to 28 U.S.C. § 1132(a)(3), there are no material disputes as to Wolf's conduct, the terms of the plan, and UNUM's injury. Regarding UNUM's second claim for relief for unjust enrichment, while Wolf suggests it would be unjust to force him to repay UNUM given his mental, physical, and financial condition and because of UNUM's unrelated 2002 termination of his benefits, the Court finds these justifications do not entitle Wolf to a windfall and do not defeat UNUM's recovery. Finally, the Court notes that the "federal common law of ERISA allows insurance companies to recoup overpayments through unjust enrichment because ERISA does not provide a specific mechanism for collecting such payments." *Smith v. Metro. Life Ins. Co.*,

10

344 F. Supp. 2d 696, 705-06 (D. Colo. 2004) (agreeing that "the monies in good conscience belong to [the insurer] since [the insured] is contractually obligated to pay the monies to [the insurer] because there was overpayment due to her receipt of [SSD] benefits").

Because all "defenses" raised by Wolf in his Answer are legally deficient, UNUM is entitled to judgment as a matter of law. The Court recommends that judgment be entered in favor of UNUM.

2. Motion to Dismiss

Although the Court determines that Judgment on the Pleadings should be granted in UNUM's favor, the Court will nevertheless address Wolf's Motion to Dismiss for the purpose of clarity. Although not entirely clear, it appears that Wolf wants the Court to dismiss UNUM's case because UNUM did not have an individual with authority to settle the case present at an earlier settlement conference. *See* Motion to Dismiss at 6 [Docket No. 22]. Interpreting Wolf's request liberally, the Court treats the Motion as one to dismiss pursuant to Fed. R. Civ. P. 41.

A settlement conference was held before Magistrate Judge O. Edward Schlatter on June 5, 2007. Wolf contends in his Motion to Dismiss, again prepared on his behalf by his wife, that UNUM's "disregard for the court's order to have someone with authority to negotiate at the settlement conference is grounds for this motion for dismissal." *Id.* Wolf provides no legal authority for his position, nor is the Court aware of a case that has been dismissed for a similar reason. The Court notes that the settlement conference was set by Order of Magistrate Judge Gudrun J. Rice, which provided that the parties were

required to have a person "with full settlement authority . . . **present in person** for the Settlement Conference," but does not specify that failure to do so will justify the case's dismissal [Docket No. 10; Filed April 12, 2007]. Moreover, while Wolf takes issue with the agent for UNUM appearing by telephone, leave to appear by telephone was granted in advance of the settlement conference by Order of Magistrate Judge Schlatter [Docket No. 17; Filed May 2, 2007].

UNUM responded in opposition to the Motion to Dismiss and noted that Wolf lacks a legal basis for seeking dismissal (although it did not address whether the Court may recommend dismissal as a sanction pursuant to Rule 41). Response at 2 [Docket No. 25]. In addition, UNUM's counsel informed the Court that UNUM did have a person with full settlement authority present by telephone at the settlement conference. *Id.* at 3. The Court is entitled to accept Plaintiff's counsel's assertion, as an officer of the Court, that UNUM's agent had full settlement authority. *See, e.g.*, *Irving v. Mississippi*, 441 U.S. 913, 915 (1979) ("Attorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." (citations omitted)). As such, Wolf has failed to show that UNUM disregarded an order of the Court or to justify, in any way, dismissal of UNUM's case pursuant to Rule 41(b) or the *Ehrenhaus* factors.[7]

---

[7] In its response to the Motion to Dismiss, UNUM informed the Court that Wolf tape recorded the settlement conference in its entirety, unbeknownst to Magistrate Judge Schlatter, who conducted the conference, UNUM, and its counsel. Indeed, Wolf filed a copy of the recording on the record [Docket No. 30]. Although not mentioned in his Motion to Dismiss, Wolf acknowledges the recording in his Reply and claims his allegations can be proved by that recording. Reply at 2, 5 [Docket No. 27]. Wolf also justifies his secret taping of the settlement conference based on his poor memory skills.

As a final matter, unhappiness with the outcome of a settlement conference, or the parties' inability to settle a matter at a settlement conference, are not grounds to dismiss a case. This Court's Rules require that a motion "shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion." D.C. Colo. L. Civ. R. 7.1C. Wolf's failure to provide legal support for his Motion to Dismiss is justification for its denial on that ground alone.

IV. Conclusion

Because I find there remain no issues of material fact and that UNUM is entitled to judgment as a matter of law, I RECOMMEND that UNUM's Motion for Judgment on the Pleadings be **granted**. Because I recommend that UNUM's Motion be granted, and because I find that Wolf has failed to offer any legal or factual support for his request to dismiss UNUM's case pursuant Fed. R. Civ. P. 41(b), I RECOMMEND that Wolf's Motion to Dismiss be **denied**.

I further RECOMMEND that a constructive trust be imposed on Wolf for reimbursement of overpayments to UNUM in an amount to be determined in subsequent proceedings. I further RECOMMEND that UNUM should be awarded the costs of litigation and its attorney fees pursuant to 29 U.S.C. § 1132(g). To these ends, **within ten (10)**

---

First, the Court notes that settlement conferences in this Court are confidential. Further, such a recording was in clear violation of D.C. Colo. L. Civ. R. 83.1, prohibiting not only the possession of recording devices in the Court, but also the use of such devices. Wolf asks this Court to excuse his violation of the rule on the basis that he is *pro se* and therefore "unaware and innocent of knowledge of the court's rules of audio recordings." Reply at 5 [Docket No. 27]. Wolf is mistaken that his *pro se* status entitles him to disregard the Court's Rules, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), and the Court will not consider the recording in any regard.

**days of the date of this Recommendation, UNUM shall file an affidavit with the Court certifying the amount of unreimbursed SSD benefits and providing evidence of its costs and attorney fees incurred in this matter. Wolf may file any objection within seven (7) days after the filing of Plaintiff's affidavit.** Thereafter, the Court will issue a written recommendation regarding the amount of the constructive trust.

To the extent that UNUM requests post-judgment interest, I RECOMMEND that post-judgment interest be granted, pursuant to 28 U.S.C. § 1961. *See generally Wheeler v. John Deere Co.*, 986 F.2d 413, 415-16 (10th Cir. 1993); *see also Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193, 216-17 & n.32 (3d Cir. 2004) (noting that post-judgment interest is available in ERISA cases). To the extent that UNUM requests pre-judgment interest, which is a request grounded in equity, I RECOMMEND that pre-judgment interest be denied in the "considerations of fairness," as it is unlikely Wolf was on notice that such interest would accrue. *See Kansas v. Colorado*, 543 U.S. 86, 96-97, 109 (2004) (citation omitted) (balancing the equities of such a request and adjusting interest where "unusual equities necessitated" a different result); *see also Allison*, 289 F.3d at 1243 (noting that an award of pre-judgment interest in an ERISA matter may be appropriate but must be "otherwise equitable"); *Skretvedt*, 372 F.3d at 208 (reiterating that "the awarding of prejudgment interest under federal law is committed to the trial court's broad discretion" (citation omitted)); *Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, 207 F.3d 876, 885 (7th Cir. 2000) (denying interest in an ERISA case and noting that the award of such is "a question of fairness, lying within the court's sound discretion" (citation omitted)).

Pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 22, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix