IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00071-REB-KLM

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Plaintiff,

v.

PAUL G. WOLF,

    Defendant.

## ORDER ADOPTING IN PART RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) **Recommendation of United States Magistrate Judge** [#33], filed January 22, 2008; and (2) defendant's **Objection To Motion for Judgment and Award of Attorney's Fees** [#34], filed February 4, 2008. I overrule the objections and approve and adopt the recommendation in substantive part, but reject it insofar as it recommends that a constructive trust be imposed on defendant and that plaintiff be awarded attorney fees.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which cognizable objections have been filed, and have considered carefully the recommendations, the objections, and the applicable case law. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by

1

lawyers. *See* **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)). Concerning the substantive merits of the case, the recommendation is detailed and well-reasoned. Plaintiff's objections are imponderous and without merit.[1]

Nevertheless, I cannot adopt the magistrate judge's recommendations that a constructive trust be imposed on defendant in favor of plaintiff or that plaintiff be awarded its attorney fees in this matter. Plaintiff has offered no argument suggesting why imposition of a constructive trust is appropriate in this case. Such a remedy is available only in extremely limited circumstances. *See **Great-West Life & Annuity Insurance Co. v. Knudson***, 534 U.S. 204, 213, 122 S.Ct. 708, 714, 151 L.Ed.2d 635 (2002) (noting that to be entitled to equitable remedy of constructive trust, a plaintiff must demonstrate that "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession"); *see also* **Lind v. Aetna Health, Inc.**, 466 F.3d 1195, 1200 (10th Cir. 2006) (noting that the Tenth Circuit "has continued to follow the narrow path laid out in **Great West**"). Likewise, although attorney fees are available under ERISA, 29 U.S.C. § 1132(g)(1), plaintiff has provided no argument or authority establishing that an award of fees is appropriate in this case. *See **Gordon v. United States Steel Corp.***, 724 F.2d 106, 109 (10th Cir. 1983) (setting forth factors that guide court's discretion in

---

[1] This includes defendant's objection that plaintiff is not entitled to attorney fees because "UNUM was also negligent in negotiations for settlement." (**Objection** at 2.) Although plaintiff has not shown that it is entitled to attorney fees on the present record, defendant's objection provides no cognizable basis *per self* for rejecting such a claim.

2

determining whether to award attorney fees under ERISA).[2]  I will not grant either form of relief absent a proper request and an opportunity for both parties to present argument and evidence on those issues.[3]

In addition, although the magistrate judge ordered plaintiff to file an affidavit within ten days of the date of her recommendation setting forth both the amount of social security disability benefits overpaid to defendant and the amount of attorney fees and costs sought, plaintiff's affidavit only addresses the latter issue.  (*See* **Affidavit of Kerri J. Atencio in Support of Bill of Costs and Motion for Attorney's Fees** [#35], filed February 5, 2008.)  Because plaintiff has requested discrepant amounts in different pleadings in this case (*see* **Recommendation** at 3 n.1), and has provided no other evidence on the matter, despite being ordered to do so within a time certain, I find that plaintiff is entitled to recover no more than the lowest amount reflected in the pleadings, which is $52,102.00.  (*See* **Plaintiff's Amended Motion for Judgment on the Pleadings** at 1 [#19], filed June 7, 2007.)

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#33], filed January 22, 2008, is **APPROVED AND ADOPTED** as an order of this court, except

---

[2]  Neither does plaintiff's affidavit address the relevant factors under section 1132(g)(1). Moreover, anticipating that plaintiff may file a subsequent motion for attorneys' fees, I note from my cursory review that the attorney's fees requested do not appear to be reasonable given the nature of the claim, the amount in issue, and the overall merit of the parties' respective positions.

[3]  As for costs, they are available as a matter of right pursuant to Fed.R.Civ.P 54(d)(1) at the time judgment enters, and may be sought through the procedures contemplated by D.C.COLO.LCivR 54.1.

3

insofar as it recommends that a constructive trust be imposed on defendant and that plaintiff be awarded attorney's fees pursuant to 29 U.S.C. § 1132(g)(1);

2. That defendant's **Objection To Motion for Judgment and Award of Attorney's Fees** [#34], filed February 4, 2008, is **OVERRULED** and **DENIED**;

3. That **Plaintiff's Amended Motion for Judgment on the Pleadings** [#19], filed June 7, 2007, is **GRANTED**;

4. That defendant's **Motion To Dismiss With Prejudice** [#22], filed June 26, 2007, is **DENIED**; and

5. That any motion advocating the imposition of a constructive trust on defendant and/or for attorney fees **SHALL BE FILED** within eleven (11) days of the entry of this Order; provided, furthermore, that if no such motion is filed, judgment shall be entered forthwith in accordance with this order.

Dated February 7, 2008, at Denver Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**